# Brogden *v*. The State.

## *Gaming.*

(Decided June 13, 1907. 44 South. 403.)

*Gaming; Evidence.*—One is not guilty of a violation of section 4792, Code 1896, if at the time the game was played the bar business had been closed out and no liquors were sold or given away in the house, which was then used only for a private storage house, notwithstanding the house had been formerly used as a bar room.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Babe Brogden was convicted of playing at a game of cards or dice in a storehouse or room for selling or retailing liquors, and he appeals. Reversed and remanded.

C. E. REID, for appallent.—Counsel discusses the evidence and assignments of error but cites no authority.

ALEXANDER M. GARBER, Attorney General, for the State.—No brief came to the Reporter.

DOWDELL, J.—The defendant was indicted for the violation of section 4792 of the Criminal Code of 189. The indictment was in form 24 prescribed by Code 1896,
8 R

[Brogden v. The State.]

p. 327. The house in which the game at dice was played, and for which the defendant was convicted, was used by the defendant as a barroom up to the 1st of January, 1905, on which day the defendant closed his store and ceased to do business, and kept the house after that time as a private storageroom only. While the defendant conducted his bar business, the place fell directly within the terms of the statute (setcion 4792) : "* * * Storehouse for selling or reailing spirituous, vinous or malt liquors, or house or place where spirituous, vinous or malt liquors are retailed, sold or given away." After the defendant ceased to do business and closed his house, it ceased to be a storehouse for selling or retailing, or house or place where spirituous, vinous, or malt liquors were retailed sold, or given away.

If, after the 1st day of January, it was changed from the business of a barroom formerly conducted in it into a private storage room, and was used for no other purpose than that, it ceased in any sense to be a public house. It was doubtful under the evidence whether the game of dice at which the defendant played, and for which he was convicted, was played before or after the 1st day of January, 1905. If, after the 1st day of January, the house in which the game was played being neither "a storehouse for selling or retailing spirituous, vinous or malt liquors," or house or place where spirituous, vinous, or malt liquors are retailed, sold, or given away, or a public house, then in that event the defendant would not be guilty under the statute. The written charges requested by the defendant hypothesizing such state of facts should have been given, and the trial court erred in their refusal. This is the only question presented by the record.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.